UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VICTOR CHEN,

                            Plaintiff,

            -against-

COMMISSIONER ASHWIN VASAN, NEW
YORK CITY DEPT. OF HEALTH;
DIRECTOR CHRISTOPHER WRAY,
FEDERAL BUREAU OF INVESTIGATION,

                            Defendants.

22-CV-2938 (LTS)

ORDER OF DISMISSAL AND
TO SHOW CAUSE UNDER
28 U.S.C. § 1651

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff filed this action *pro se*. By order dated April 22, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP). For the reasons set forth below, the Court dismisses the complaint and directs Plaintiff to show cause, within 30 days, why the Court should not bar him from filing any future actions in this court IFP without first obtaining permission from the court to file the complaint.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted).

**BACKGROUND**

Plaintiff Victor Chen invokes both the Court's federal question jurisdiction and diversity of citizenship jurisdiction, and alleges that Defendants violated his federal constitutional rights, primarily in relation to Plaintiff's mother's death in 1964. (*See* ECF 2, at 2.) He states that his claims arose in New York City between 1958 and 1964. (*Id.* at 5.) In the "facts" section of the complaint form, Plaintiff directs the Court to see the following attached documents: (1) a September 22, 2021, letter from Plaintiff to then-Manhattan District Attorney Cyrus Vance, with a note explaining that Plaintiff's "'theory' at the time was that Yale Univ. sponsored [his] enslavement and, by sponsoring myths and illusion, was being injured much as my real mother was being injured" (*id.* at 5.); (2) a copy of a 2005 complaint that Plaintiff filed in this court against New York-Presbyterian Hospital, FBI Director Robert Mueller, and New York City Police Commissioner Raymond Kelly, among others; (3) an excerpt from Plaintiff's self-published memoir entitled "The Age of Illusion," in which Plaintiff describes his "first report to authorities of [his] mother's homicide," (*id.* at 5); and (4) Plaintiff's mother's "latest death certificate," (*id.*).[1]

In his letter to Vance, Plaintiff complained of "[t]he continuing theft of certain papers and even sections of book manuscripts from [his] apartment, and the outrageous information that the Department of Health would require up to 20 weeks to mail a death certificate" to him. (*Id.* at 8.) Plaintiff stated that he "was led to realize that beginning [in] 1956," he and his family members, including his mother and father, "were condemned to a kind of prison, whose walls were invisible to me, and from which there could be no appeal for release. One method for enforcing

---

[1] Plaintiff also references two other documents, although those documents are not attached to the complaint. Plaintiff states that those documents, which appear to be articles written by Plaintiff, "give the history of which [his] mother's death is an important part." (*Id.* at 5.)

this imprisonment, I have deduced, was demonstration to my family of how they could be operated on or killed at night." (*Id.*) Plaintiff saw "hints" that his family members sought help from officials, but it was to no avail "because of the powerful persons and institutions sponsoring the imprisonment." (*Id.*)

In his letter to Vance, Plaintiff further alleged that, toward his mother's death, "there was likely physical sabotage, and also possibly injections of some sort." (*Id.* at 9.) Plaintiff's "family became a special problem given the unsatisfactory nature of the 'imprisonment' that I say John F. Kennedy may have gone on to after a staging of his assassination in Dallas on November 22, 1963." (*Id.*) Plaintiff concluded his letter by requesting "a discussion and exchange of information." (*Id.*)

Plaintiff's second attachment, an excerpt from his complaint in *Chen v. Pardes*, No. 05-CV-3819 (S.D.N.Y. June 28, 2006), alleged that New York-Presbyterian Hospital and others were responsible for this mother's death. He described his early attempts to convince law enforcement that his "mother had died from a disease caused by radiation beamed into our apartment by a publishing company." (*Id.* at 11.) He concluded that, "although NewYork-Presbyterian Hospital must be considered primarily responsible for carrying out the killing of my mother, the institutions that took ultimate responsibility were Oxford University, *The New Yorker* [Magazine], and the British Monarchy, or Queen Elizabeth."[2] (*Id.* at 12.)

The attached excerpt of Plaintiff's memoir, "The Age of Illusion," is largely devoted to pondering the following question:

Was it possible that, all these years, our apartment had been a laboratory of Westernization? I became a U.S. citizen in July 1964, but perhaps the secrets about my

---

[2] By order dated June 28, 2006, Judge Barbara S. Jones adopted in full Magistrate Judge Gabriel W. Gorenstein's May 13, 2005, report and recommendation, and dismissed Plaintiff's claims as frivolous. *See* ECF 1:05-CV-3819, 4.

father and about my artificial world had been closed off from me, and so I was uniquely left out of the JFK secret by the Eastern establishment that adopted our family for Luce's experiment.

(*Id.* at 14.)

Plaintiff asks the Court to issue an order directing the New York City Department of Health to "correct the case of death on [Plaintiff's mother's] death certificate from 'natural causes' to homicide." (*Id.* at 6.) He also seeks an ordering directing the F.B.I. to "investigate [his] mother's death – and related deaths, including John F. Kennedy's [death]." (*Id.*)

## DISCUSSION

Under the IFP statute, a court must dismiss a case if it determines that the action is frivolous or malicious. 28 U.S.C. §1915(e)(2)(B)(i). A claim is "frivolous when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston*, 141 F.3d at 437 (internal quotation marks and citation omitted). Moreover, a court has "no obligation to entertain pure speculation and conjecture." *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (finding as frivolous and baseless allegations that set forth a fantastical alternative history of the September 11, 2001 terrorist attacks).

The Court, after reviewing Plaintiff's complaint, finds that it lacks any arguable basis in law or in fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Plaintiff's conclusory assertions that his family was experimented on in the 1950s and 1960s, and that his mother was ultimately killed as part of a wide-ranging international conspiracy linked to the death of John F. Kennedy lack any plausible factual support and appear to rise to the level of the irrational. *See Livingston*, 141 F.3d at 437. Moreover, there is no apparent legal theory on which Plaintiff may base his claims for relief. *See id.* The Court therefore dismisses the complaint as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

In deference to Plaintiff's *pro se* status, the Court would normally direct Plaintiff to amend his complaint, but the Court finds that the defects in the complaint – Plaintiff's irrational allegations of a decades-old conspiracy to harm his family – cannot be cured with an amendment. Where an amendment would be futile, leave to amend is not required. *Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (court may dismiss complaint *sua sponte* and without providing leave to amend "where the substance of the claim pleaded is frivolous on its face").

## ORDER TO SHOW CAUSE

Plaintiff has filed five other cases that the court dismissed as frivolous. *See Chen v. Mount Sinai Beth Israel*, ECF 1:22-CV-0223, 5 (S.D.N.Y. Jan. 31, 2022) (dismissing complaint as frivolous and warning Plaintiff that further filing of frivolous complaints will result in a bar order), *appeal pending*, No. 22-0383 (2d Cir.); *Chen v. Mitchell*, ECF 1:19-CV-2764, 6 (S.D.N.Y. July 3, 2019) (complaint against news anchor Andrea Mitchell, Kim Jong-un, and Donald Trump dismissed as frivolous); *Chen v. Faust*, 1:17-CV-1926, 3 (S.D.N.Y. Mar. 22, 2017) (complaint against former Harvard President Drew Faust and Donald Trump dismissed as frivolous); *Chen v. Bellevue*, No. 05-CV-3989 (S.D.N.Y. Sept. 2, 2005) (amended complaint dismissed as frivolous); *Chen v. Pardes*, ECF 1:05-CV-3819, 4 (S.D.N.Y. May 13, 2005) (recommending dismissal of complaint against defendants, including Oxford University and Queen Elizabeth, as frivolous and for failure to state a claim), report and recommendation adopted by text order on June 28, 2006.

In light of this litigation history, Plaintiff is ordered to show cause why he should not be barred from filing any further actions in this court IFP without first obtaining permission from the court to file his complaint. *See Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998) (*per curiam*) ("The unequivocal rule in this circuit is that the district court may not impose a filing

injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard."). Within 30 days of the date of this order, Plaintiff must submit to the court a declaration setting forth good cause why an injunction should not be imposed upon him. If Plaintiff fails to submit a declaration within the time directed, or if Plaintiff's declaration does not set forth good cause why this injunction should not be entered, he will be barred from filing any further actions IFP in this court unless he first obtains permission from this court to do so.

## CONCLUSION

The Court dismisses the complaint, filed IFP under 28 U.S.C. § 1915(a), as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

Plaintiff shall have 30 days to show cause by declaration why an order should not be entered barring Plaintiff from filing any future action IFP in this Court without prior permission. A declaration form is attached to this order.

The Court instructs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   April 29, 2022
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the first and last name of each plaintiff or
petitioner.

-against-

Case No. _____ CV _____

_____

_____

_____

Write the first and last name of each defendant or
respondent.

## DECLARATION

_____

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's
Motion for Summary Judgment," or "in Response to Order to Show Cause."

I, _____ ,  declare under penalty of perjury that the

following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court
order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.

_____          _____
Executed on (date)                Signature

_____          _____
Name                                       Prison Identification # (if incarcerated)

_____          _____|_____|_____
Address                          City                State        Zip Code

_____          _____
Telephone Number (if available)           E-mail Address (if available)